13 CIV 8439

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Fermo Meloni, Morena Almeida, Jonathan Franco, Asia Gagnon, Stephen C. Loving-Cortes and Erik Salas,<br><br>Plaintiffs,<br><br>- against -<br><br>Michael Wainstein, Derek Koch, Daniel Koch, Phillipe Olivier Bondon, Chateau 20th Street, LLC, Dual Group Entertainment, LLC, and Dual Group, LLC.,<br><br>Defendants. | 13 Civ.   ( )( )<br><br>Complaint and Jury Demand |

RECEIVED NOV 26 2013 U.S.D.C. S.D.N.Y. CASHIERS

Plaintiffs, by their attorney, Michael G. O'Neill, complain against defendants as follows:

1. This in an action for money damages resulting from defendants' systematic and intentional violation of the Fair Labor Standards Act and the New York State Labor Law with respect to the payment of wages to, and the illegal withholding of wages and tips from, their employees.

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(a) because one or more of the defendants resides in the Southern District.

4. Plaintiff Fermo Meloni is an individual and resides in Hudson County, New Jersey.

1

5. Plaintiff Morena Almeida is an individual and resides in Kings County, New York.

6. Plaintiff Jonathan Francoan individual and resides in Bronx County, New York.

7. Plaintiff Asia Gagnon is an individual and resides in Kings County, New York.

8. Plaintiff Stephen C. Loving-Cortes is an individual and resides in New York County, New York.

9. Plaintiff Erik Salas is an individual and resides in Queens County, New York.

10. Michael Wainstein is an individual and resides in New York County.

11. Derek Koch is an individual and resides in New York County.

12. Daniel Koch is an individual and resides in New York County.

13. Phillipe Olivier Bondon is an individual and resides in New York County.

14. Chateau 20th Street, LLC is a New York limited liability company.

15. Dual Groupe Entertainment, LLC is a New York limited liability company.

16. Dual Groupe, LLC is a New York limited liability company.

17. Upon information and belief, all the individual defendants are affiliated with the Dual Groupe defendants.

18. Upon information and belief, by no later than January 1, 2013, the individual defendants and the Dual Groupe defendants formed a venture for owning and operating a bar and restaurant at 47 West 20th Street in Manhattan. Ultimately this resulted in the formation of Chateau 20th Street, LLC, which nominally owned and operated a restaurant (the "Restaurant") at that location under the name "Chateau Cherbuliez."

19. Each of the individual defendants, directly and through the Dual Group defendants, managed and controlled the affairs of the Restaurant generally and of the working conditions and payment of Restaurant employees in particular.

20. Among other things, the individual defendants were responsible for the payment of employees, the collection of revenues from the Restaurant and the diversion of those revenues for purposes other than payment of employees, at a time when each and every individual defendant knew that employees of the Restaurant, including the plaintiffs herein, were not being paid. The individual defendants were also responsible for the appropriation of credit card tips intended for employees of the Restaurant, including some of the plaintiffs herein.

21. At all times, defendants have been and continues to be an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

22. Defendants paid employees of the Restaurant on a weekly basis.

23. Plaintiff Meloni was hired by defendants in about January, 2013, to act as a manager of the Restaurant. As Manager, Meloni was responsible for supervising employees and Restaurant operations in general, but had no responsibility for the Restaurant finances or payment of employees.

24. Meloni was hired as an "independent contractor" at the rate of $80,000 per year.

25. Although characterized by defendants as an independent contractor, Meloni was in reality an employee and should have been treated as such.

3

26. Beginning in about March, 2013, defendants fell behind in the payment of Meloni's paychecks.

27. Meloni was employed by defendants until June, 2013.

28. When Melon left defendants' employment in June, 2013, defendants owed him approximately six weeks' pay.

29. Plaintiff Almeida was hired by defendants on about April 14, 2013 as a bartender at the Restaurant.

30. Almeida worked at the Restaurant until about August 1, 2013.

31. Plaintiff Franco was hired by defendants on about February 11, 2013 to work in the Restaurant as a busboy.

32. Franco worked at the Restaurant until about June 15, 2013.

33. Plaintiff Gagnon was hired by defendants on about May 25, 2013 to work in the Restaurant as a server.

34. Gagnon worked at the Restaurant until about July 23, 2013.

35. Plaintiff Salas was hired by defendants on or about January 4, 2013 to work in the Restaurant as a bartender.

36. Salas worked at the Restaurant until about July 28, 2013.

37. Almeida, Franco, Gagnon and Salas (collectively, the "Tipped Employee Plaintiffs") were all tipped employees at the Restaurant.

38. Although the Tipped Employee Plaintiffs routinely worked more than 40 hours per week, defendants never paid overtime wages to them.

39. Defendants' failure to pay overtime wages to the Tipped Employee Plaintiffs

4

was intentional, because the Restaurant maintained a computerized timekeeping system that automatically tallied the hours, including overtime, of Restaurant employees.

40. Despite knowing the exact number of overtime hours worked by each Tipped Employee Plaintiff, defendants prepared paychecks with fictional values for hours worked.

41. In addition to failing to pay the Tipped Employee Plaintiffs for their actual hours worked or their overtime, defendants routinely kept a share, sometimes all, of the credit card tips earned by such plaintiffs.

42. During the last approximately four weeks of plaintiff Franco's employment, defendants failed to pay Franco any wages altogether.

43. For the nine weeks of her employment, Gagnon received only two paychecks. Defendants failed to pay her any wages for the other seven weeks of her employment.

44. Defendants failed to pay plaintiff Salas for at least the last eight weeks of his employment at the Restaurant.

45. Similarly, defendants failed to pay plaintiff Almeida for several weeks that she worked at the Restaurant.

46. Plaintiff Loving-Cortes was hired by defendants on about February 21, 2013 to work as a line cook at the Restaurant.

47. Defendants required Loving-Cortes to "trail" during the first four weeks of his employment. "Trailing" is essentially on the job training, during which the employee, in this case Loving-Cortes, performs services for the benefit of the employer. The employer does not pay the employee wages for trailing.

48. In the restaurant industry in New York City, "trailing" is a frequently used

device to extract free labor. In essence, the restaurant offers the lure of permanent employment in return for free labor. It is illegal.

49. Defendants failed to pay Loving-Cortes any wages for the four weeks that he "trailed" in the Restaurant's kitchen.

50. Loving-Cortes worked in the Restaurant until August 15, 2013.

51. Defendants failed to pay any wages whatsoever to Loving-Cortes for the approximate last ten weeks of his employment.

52. In addition to the above, some or all of the plaintiffs worked special events such as parties at the Restaurant. These special events were often promoted by the defendants quite apart from any Restaurant business. For example, some of plaintiffs worked at a birthday party given by Wainstein for his son. Wainstein personally promised to pay wages and tips to the plaintiffs for working that party, but he failed to do so.

53. For other special events, defendants charged its patrons tips for the services of the Tipped Employee Plaintiffs, but failed to pay any such tips to them.

54. Defendants willfully performed all of the acts complained of herein with the knowledge and intention that they violate the Federally and State protected rights of the plaintiffs.

## Claims One and Two

55. By failing to pay Meloni any wages for the last six weeks of his employment, defendants violated the New York State Labor law relating to the payment of wages.

56. By failing to pay Meloni any wages for the last six weeks of his employment,

defendants breached their contract of employment with Meloni.

## Claim Three

57.     Defendants have failed to pay the Tipped Employee Plaintiffs plaintiffs the minimum and overtime wages to which they were and are entitled under the FLSA.

58.     Defendants' violations of the FLSA, as described in this complaint have been willful and intentional.

59.     As a result of defendants' willful violations of the FLSA, the Tipped Employee Plaintiff have suffered damages by being denied minimum and overtime wages in accordance with 29 U.S.C. §§ 201 et seq.

60.     As a result of the unlawful acts of defendants, plaintiffs have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## Claim Four

61.     At all times, defendants have been and continue to be an employer within the meaning of the New York State Labor Law.

62.     Defendants have failed to pay the Tipped Employee Plaintiffs minimum and overtime wages to which they were and are entitled under the New York Labor Law.

63.     Defendants' violations of the New York Labor Law, as described in this complaint have been willful and intentional.

64. As a result of defendants' willful violations of the New York State Labor Law, the Tipped Employee Plaintiffs have suffered damages by being denied minimum and overtime wages in accordance with Article 19 of the New York State Labor Law and supporting regulations.

65. As a result of the unlawful acts of defendants, the Tipped Employee Plaintiffs have been deprived of minimum and overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of their unpaid minimum wages, unpaid overtime wages, together with liquidated damages, prejudgment interest, attorneys' fees and costs.

## Claim Five

66. Defendants violated Section 196-d of the New York Labor Law by appropriating for itself a portion of the tips left for the Tipped Employee Plaintiffs.

67. As a result of defendants' violation of Section 196-d of the New York Labor Law, the Tipped Employee Plaintiffs have suffered and continue to suffer damages.

68. As a result of defendants' violation of Section 196-d of the New York Labor Law, the Tipped Employee Plaintiffs are entitled to an award of damages to be determined at trial by jury, together with prejudgment interest, attorneys' fees and costs.

## Claims Six and Seven

69. By failing to pay Loving-Cortes any wages for "trailing" and for the last ten weeks of his employment, defendants violated the New York State Labor law relating to the

payment of wages.

70. By failing to pay Loving-Cortes any wages for "trailing" and for the last ten weeks of his employment, defendants breached their contract of employment with Loving-Cortes.

WHEREFORE, plaintiffs pray for all relief available by law, including the following relief:

A. Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §§ 201 et seq. and the supporting United States Department of Labor regulations;

B. Unpaid minimum and overtime pay pursuant to N.Y. Lab. Law Article 19, §§ 650 et seq., and the supporting New York State Department of Labor regulations, in the case of the Tipped Employee Plaintiffs;

C. Breach of contract damages in the case of Meloni and Loving-Cortes;

C. Tips wrongfully withheld in violation of N. Y. Labor Law Section 196-d in the case of the Tipped Employee Plaintiffs;

D. Liquidated damages Pursuant to New York Labor Law Section 198;

E. Pre-judgment interest at the rate established by the State of New York;

F. Attorneys' fees and costs of the action; and

G. Such other relief as this Court shall deem just and proper.

Dated: New York, New York  
November 26, 2013

MICHAEL G. O'NEILL  
(MO3957)  
*/s/ MMCEM/*

Attorneys for Plaintiffs
30 Vesey Street, Third Floor
New York, New York 10007
(212) 581-099

## Jury Demand

Plaintiffs demand trial by jury on all issues.

Dated: New York, New York
November 26, 2013

MICHAEL G. O'NEILL
(MO3957)

*[signature]*

Attorneys for Plaintiff
30 Vesey Street, Third Floor
New York, New York 10007
(212) 581-0990